# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| MARVIN GOLDEN, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | No. 1:15-cv-01894-WTL-DKL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Motion for Relief Pursuant to
28 U.S.C. § 2255 and Denying Certificate of Appealability**

For the reasons discussed in this Entry, the motion of Marvin Golden for relief pursuant to 28 U.S.C. § 2255 must be **dismissed**. In addition, the Court finds that a certificate of appealability should not issue.

## I. Background

On March 19, 2014, Golden was charged with two drug offenses in an Indictment returned in this Court docketed as No. 1:14-cr-050-WTL-DML. Count 1 charged Golden with possessing with the intent to distribute 280 grams or more of a mixture containing cocaine base, in violation of 21 U.S.C. § 841(a)(1). Count 2 charged Golden with possession with the intent to distribute 500 grams or more of a mixture containing cocaine, in violation of 21 U.S.C. § 841(a)(1).

On November 6, 2014, an Information was filed pursuant to 21 U.S.C. § 851 providing that Golden had two prior felony convictions. On February 6, 2015, an Amended Information was filed removing the assertion that Golden had a conviction in Marion County, Indiana under Cause Number 49F099602DF023709.

On November 6, 2014, Golden filed a Petition to Enter a Plea of Guilty. On that same date, a Plea Agreement was filed pursuant to *Federal Rules of Criminal Procedure* 11(c)(1)(C). Golden agreed to plead guilty to Count 1 of the Indictment, and the government would move to dismiss Count 2 at sentencing. The parties agreed to an executed sentence of between 240 and 262 months.

In exchange for the concessions made by the Government, he "expressly waive[d] his right to appeal the conviction and any sentence imposed in this case on any and all grounds, . . . [and] expressly agree[d] not to contest, or seek to modify, his conviction or sentence or the manner in which it was determined in any type of proceeding, including, but not limited to, an action brought under . . . 28 U.S.C. § 2255." This waiver did not "encompass claims that [Golden] received ineffective assistance of counsel in the negotiation of the plea or plea agreement."

On February 11, 2015, a plea and sentencing hearing was held. The Court determined from its examination of Golden that the guilty plea was knowingly and voluntarily entered and that there was a factual basis for the plea. The Court accepted Golden's plea and adjudged him guilty as charged in the Count 1 of Indictment. The Court then sentenced Golden to 240 months in prison, to be followed by ten years' supervised release, and a fine of $400. Golden was also assessed the mandatory assessment of $100. The judgment of conviction was entered on February 20, 2015.

Golden did not file an appeal. But on December 1, 2015, he filed the present § 2255 motion. The United States has responded to the motion and Golden has replied to the response.

## II. Discussion

Golden argues in his § 2255 motion that his counsel was ineffective

The United States argues, among other things, that the § 2255 motion is barred by the waiver in the Plea Agreement.

"A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Such waivers are upheld and enforced with limited exceptions in cases in which (1) "the plea agreement was involuntary," (2) "the district court relied on a constitutionally impermissible factor (such as race)," (3) "the sentence exceeded the statutory maximum," or (4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.* (internal quotations omitted).

"[A] waiver [of appeal or of post-conviction relief rights] stands or falls with the plea bargain of which it is a part." *Nunez v. United States*, 546 F.3d 450, 455 (7th Cir. 2008). If the "plea was voluntary, the waiver of appeal [or post-conviction collateral relief] must be enforced." *Id*. at 453 (*citing United States v. Wenger*, 58 F.3d 280 (7th Cir. 1995)).

"In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently." *United States v. Hays,* 397 F.3d 564, 567 (7th Cir. 2005) (citing cases). Here, Golden entered a valid plea—a knowing, voluntary and intelligent plea of guilty. The claim of ineffective assistance of counsel rests on Golden's misapprehension of the § 851 Information. An amended Information was filed on February 6, 2015. The amended Information is not alleged to have been inaccurate in any way.

The foregoing shows that the waiver provision of Golden's plea agreement is enforceable. Because Golden's plea was informed and voluntary, the waiver of his right to file a § 2255 petition "must be enforced." *Nunez v. United States,* 546 F.3d 450, 453 (7th Cir. 2008). An evidentiary hearing is not warranted here. *Mitchell v. United States*, 846 F.3d 937, 941 (7th Cir. 2017).

### III. Conclusion and Certificate of Appealability

For the reasons explained above, Golden is not entitled to relief on his § 2255 motion. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 1:14-cr-050-WTL-DML.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Golden has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: 5/1/17

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

MARVIN GOLDEN
12261-028
ELKTON - FCI
ELKTON FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 10
LISBON, OH 44432

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE
michelle.brady@usdoj.gov